UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER BROWN,

    Plaintiff,

v.                                                                         Case No: 8:19-cv-1951-T-36SPF

CITIZENS PROPERTY INSURANCE
CORPORATION and UNKNOWN
EMPLOYEES OF CITIZENS PROPERTY
INSURANCE CORPORATION,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on Plaintiff's Motion for Declaratory Judgments (Doc. 12) and Motion for Summary Judgment (Doc. 13). Although the summons has been issued, nothing indicates that Defendants have been served. The Court, having considered the motion and being fully advised in the premises, will deny without prejudice Plaintiff's Motion for Summary Judgment, and will deny Plaintiff's Motion for Declaratory Judgments. Additionally, because the Complaint constitutes a shotgun pleading, it will be dismissed without prejudice.

**DISCUSSION**

    **A.**    **Declaratory Judgment**

Federal Rule of Civil Procedure 57 "govern[s] the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201" and allows "[t]he court [to] order a speedy hearing of a declaratory-judgment action." Section 2201 allows, as is relevant here, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought."

The causes of action in this case include various intentional torts, breach of contract, unjust enrichment, intentional breach of fiduciary duty, and intentional infliction of severe emotional distress. Doc. 1 at 9. As relief, Plaintiff requests discovery, a ruling as to all unconstitutional actions alleged in the Complaint, judgment on all causes of action, prejudgment interest, legal fees, money damages, and punitive damages. *Id.* at 96-97. At this time, the Complaint does not include a claim for declaratory judgment and the Court cannot grant declaratory relief. Additionally, because Defendants have not yet been served, a request for judgment is premature. *Simpson v. Reverse Logistic Trends, LLC*, No. CV-06-4620-NE, 2006 WL 8437422, at *1 (N.D. Ala. Dec. 1, 2006) (stating that the court could not rule on a motion for summary judgment filed before the defendant was served because the court had not yet acquired jurisdiction over the defendant).

**B.     Summary Judgment**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion or other application for an order must include a "memorandum of legal authority in support of the request." M.D. Fla. L.R. 3.01(a).

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. After a party moves

2

for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery." *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1530 (11th Cir. 1986).

But if the court is convinced that discovery is inadequate, it should deny summary judgment. *See Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996). As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). Indeed, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Blumel*, 919 F. Supp. at 428 (quoting *Parrish v. Bd. of Comm'r of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)). The Court must be fair to both parties, which means it must allow for an adequate record prior to considering a motion for summary judgment. *Id.*

Here, Plaintiff filed the Motion for Summary Judgment before Defendants have been served, before a scheduling order has been issued, and before the time for discovery has been set. Clearly, Defendants have not had sufficient opportunity to develop the record. Therefore, the motion will be denied as premature. The parties may move for summary judgment at a later stage in these proceedings, when discovery has been conducted.

**C. Shotgun Pleading**

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still

3

must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit thus has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

To commence a civil action, a complaint must be filed. Fed. R. Civ. P. 3. In a complaint, claims founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Each claim must be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. Additionally, "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 276. It also includes complaints in which all prior allegations and counts are incorporated into subsequent counts. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). When faced with such a pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008).

Plaintiff's Complaint is due to be dismissed as a shotgun pleading. The Complaint is disjointed and rambling such that the Court cannot determine exactly what claims are raised by Plaintiff, what relief is sought in connection with individual claims, and what facts are intended to support which claim. *See generally* Doc. 1. For example, Plaintiff generally alleges that he raises a claim for intentional tort, without identifying the intentional tort, and references bad faith by an insurer, an implied covenant of good faith, moral hazard, mail and wire fraud, corrupt conduct, an intentional tort business scheme, and impairment of contracts. *Id.* ¶¶ 45-91. It is unclear whether this is one claim or several claims. Compounding this problem, Plaintiff then reincorporates each of these allegations into his second count, which is also impermissible. *Id.* ¶ 95.

In short, the Complaint is drafted in such a way as to require sifting through allegations to attempt to separate meritorious from unmeritorious claims, resulting in a waste of resources and a failure to notify the Court or Defendants of the claims or the grounds upon which the claims rest. Accordingly, the Complaint is dismissed without prejudice as a shotgun pleading.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Declaratory Judgments (Doc. 12) is **DENIED** without prejudice**.**

2. Plaintiff's Motion for Summary Judgment (Doc. 13) is **DENIED** without prejudice.

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading. Plaintiff is granted leave to file an amended complaint within **TWENTY-ONE (21) DAYS** of the date of this Order. Failure to file an amended complaint within the time provided will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on September 5, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any