UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER BROWN,

    Plaintiff,

v.                                                  Case No: 8:19-cv-1951-T-36SPF

CITIZENS PROPERTY INSURANCE
CORPORATION and UNKNOWN
EMPLOYEES OF CITIZENS PROPERTY
INSURANCE CORPORATION,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law (Doc. 27), and Plaintiff's response thereto (Doc. 28). In the motion, Defendant, Citizens Property Insurance Corporation, argues that the Amended Complaint must be dismissed because Defendant has immunity under the Eleventh Amendment to the United States Constitution that deprives this Court of subject matter jurisdiction, and the Amended Complaint is a shotgun pleading, contains claims that are time-barred, contains claims that are barred by the independent tort doctrine, and contains impermissible bad faith allegations. Doc. 27. Plaintiff responds that Defendant does not benefit from Eleventh Amendment Immunity and that the Amended Complaint sufficiently alleges continuing harm. Doc. 28. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Dismiss.

**I.     BACKGROUND[1]**

In 2011, Plaintiff, Roger Brown, co-owned a residential property in Clearwater, Florida that was insured by Defendant, Citizens Property Insurance Corporation ("Citizens"), and that was located next to a designated sinkhole property. Doc. 20 ¶ 11. On January 11, 2011, Brown submitted a claim to Citizens for damage resulting from sinkhole activity. *Id.* Citizens denied the claim five months later. *Id.* Citizens' decision was not based on the merits of the damage claim, but based on the desire for economic profits. *Id.* Brown hired an attorney and obtained proof that the damage was the result of sinkhole activity, but Citizens continued to deny the claim. *Id.* ¶ 13.

Brown filed a lawsuit against Citizens in April 2014. *Id.* ¶ 14. Citizens settled the claim with Brown for $118,829.21. *Id.* ¶ 16. Also in 2014, the property was foreclosed and the foreclosing entity assigned the final judgment of foreclosure to FNMA. *Id.* ¶ 42.

In 2015, Citizens wrote a settlement check for $59,066.14, which they made out jointly to Brown and FNMA. Doc. 20 ¶¶ 18, 45. Brown could not cash this check because he had no prior dealings with FNMA. *Id.* ¶ 45.

Brown waited two years, then contacted Citizens demanding payment. *Id.* ¶ 19. Citizens again made the check a joint check that Brown could not cash. *Id.* ¶ 20. This process repeated several times, with Brown demanding payment and Citizens issuing a joint check. *Id.* ¶ 21. Citizens did not explain why they continued to write joint checks, or why the check was not for the full settlement amount. *Id.* ¶ 22. Brown filed the instant action seeking payment of the settlement funds. *Id.* ¶ 23.

---

[1] The following statement of facts is derived from the First Amended Complaint (Doc. 20), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

In the Amended Complaint, Brown alleges claims against Citizens for breach of contract, the tort of conversion, unjust enrichment, intentional breach of fiduciary duty, and intentional infliction of severe emotional distress. *Id.* at 23. Brown alleges that Citizens breached the settlement agreement with him by failing to remit the agreed settlement funds. *Id.* ¶ 63. Additionally, Brown alleges that Citizens converted the funds Brown was entitled to as payment under his insurance policy, as well as the settlement funds. *Id.* ¶¶ 65-70. With respect to the claim of unjust enrichment, Brown alleges that he conferred benefits on Citizens by paying premiums for his insurance policy and waiving certain rights in his settlement agreement with them, and that it is inequitable for Citizens to retain these benefits without paying the settlement amount. *Id.* ¶¶ 73-76. Brown alleges that Citizens intentionally breached its fiduciary duty by delaying payment on a valid claim and failing to pay Brown the settlement funds. *Id.* ¶¶ 87-90. Finally, Brown alleges that Citizens intentionally caused him severe emotional distress by intentionally engaging in this outrageous conduct and scheme for years, causing Brown spikes in his blood pressure and heart pains, as well as anxiety, worry, anger, sadness, lack of sleep, and mental pain. *Id.* ¶¶ 100-108.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction; Rule 12(b)(1) permits a facial or factual attack. *McElmurray v. Consol. Gov't of Augusta–Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). A Rule 12(b)(1) factual attack, however, "challenge[s] the existence of subject matter jurisdiction in fact,

irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation and internal quotation marks omitted). When the attack is factual, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Therefore, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

### III.  DISCUSSION

#### A.  Subject Matter Jurisdiction

Citizens was created by the Florida Legislature "to ensure that there is an orderly market for property insurance for residents and businesses of this state." § 627.351(6)(a)1., Fla. Stat. The statute states that Citizens is "a government entity that is an integral part of the state, and that is not a private insurance company." *Id.* Consistent with this statement, courts regularly recognize Citizens' status as a state government entity. *See*, *e.g.*, *Swanson v. State Farm Mut. Auto. Ins. Co.*, 619CV422ORL31DCI, 2019 WL 1763244, at *2 (M.D. Fla. Apr. 22, 2019) (recognizing that Citizens is a government entity that benefits from immunity); *Pulley v. Citizens Prop. Ins. Corp.*, 12-60122-CIV, 2012 WL 13006233, at *1 (S.D. Fla. Apr. 20, 2012) ("Citizens is unquestionably a governmental entity.").

The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign state." U.S. Const. amend. XI. The Eleventh Amendment has also been interpreted by the United States Supreme Court as barring suits brought against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) (stating that the "Court has consistently held that an unconsenting

State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). Eleventh Amendment also protection "extends not only to the state itself, but also to state officers and entities when they act as an arm of the state." *Wendel v. Fla. Dept. of Highway Safety & Motor Vehicles*, 80 F. Supp. 3d 1297, 1303 (M.D. Fla. 2015) (citing *U.S. ex rel. Lesinski v. S. Fla. Water Mgmt. Dist.*, 739 F.3d 598, 601 (11th Cir.2014)). For this reason, federal courts have repeatedly dismissed cases against Citizens for lack of subject matter jurisdiction under the Eleventh Amendment. *Pulley*, 2012 WL 13006233, at *1 (dismissing a case against Citizens "because the Eleventh Amendment precludes this Court from considering a claim against Citizens, which is a governmental entity."); *see also Knap v. Citizens Prop. Ins. Corp.*, 09-22370-CIV, 2009 WL 10699967, at *1 (S.D. Fla. Sept. 29, 2009) ("As a government entity, Citizens is immune from claims in federal court under the 11th Amendment to the U.S. Constitution, which grants states immunity from suit in federal court.").

Immunity under the Eleventh Amendment may be waived, but only if "explicitly authorized by the state 'in its Constitution, statutes, and decisions.' " *Tague v. Fla. Fish & Wildlife Conservation Com'n*, 390 F. Supp. 2d 1195, 1207 (M.D. Fla. 2005), *aff'd*, 154 Fed. Appx. 129 (11th Cir. 2005) (quoting *Silver v. Baggiano*, 804 F.2d 1211, 1214 (11th Cir.1986)). With respect to Citizens, the Florida Legislature waived immunity by statute in specific instances. The relevant statute states as follows:

> There shall be no liability on the part of, and no cause of action of any nature shall arise against, any assessable insurer or its agents or employees, the corporation or its agents or employees, members of the board of governors or their respective designees at a board meeting, corporation committee members, or the office or its representatives, for any action taken by them in the performance of their duties or responsibilities under this subsection. Such immunity does not apply to:
>
> a. Any of the foregoing persons or entities for any willful tort;

5

b. The corporation or its producing agents for breach of any contract or agreement pertaining to insurance coverage;

c. The corporation with respect to issuance or payment of debt;

d. Any assessable insurer with respect to any action to enforce an assessable insurer's obligations to the corporation under this subsection; or

e. The corporation in any pending or future action for breach of contract or for benefits under a policy issued by the corporation; in any such action, the corporation shall be liable to the policyholders and beneficiaries for attorney's fees under s. 627.428.

§ 627.351(6)(s)1., Fla. Stat. Brown relies on these waivers to contend that this Court has jurisdiction over this suit and the Eleventh Amendment does not apply. Doc. 28 at 8-9. However, none of these exceptions to immunity relate to a waiver of Citizens' immunity from suit in federal court provided by the Eleventh Amendment.

Indeed, in its sovereign immunity statute, Florida states that "[n]o provision . . . of any . . . section of the Florida Statutes . . . shall be construed to waive the immunity of the state or any of its agencies from suit in federal court . . . unless such waiver is explicitly and definitely stated to be a waiver of the immunity . . . from suit in federal court." § 768.28(18), Fla. Stat. Likewise, the United States Supreme Court has ruled that there can be no implied waiver of Eleventh Amendment Immunity and any such waiver must be express. *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) ("Waiver may not be implied.").

In response to Citizens' Motion to Dismiss based on Eleventh Amendment Immunity, Brown cites to various provisions concerning what falls under federal subject matter jurisdiction, including federal question jurisdiction, which he claims exists in this case. Doc. 28 at 5-6. These arguments do not address the sovereign immunity created by the Eleventh Amendment. Indeed, the Eleventh Circuit has held that Eleventh Amendment immunity applies even "when the subject of the suit is an area . . . that is under the exclusive control of the Federal Government." *Seminole*

6

*Tribe of Fla. v. Florida*, 517 U.S. 44, 72 (1996). The Court stated that "[e]ven when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States." *Id.*

Brown also cites to the abrogation of Eleventh Amendment Immunity by the Fourteenth Amendment. Indeed, "[s]ection 5 of the Fourteenth Amendment, however, does grant Congress the authority to abrogate the States' sovereign immunity." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000). However, Brown has not shown that any of his claims are among those for which Congress has abrogated Florida's sovereign immunity.

Additionally, Brown's reliance on the Supreme Court's decision in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), is misplaced. Pursuant to *Ex parte Young*, there is "a long and well-recognized exception to [the state immunity] rule for suits against state officers seeking prospective equitable relief to end continuing violations of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). Brown's suit is not against a state officer and, therefore, the rule under *Ex parte Young* does not apply.

Based on the above, and pursuant to the Eleventh Amendment, this Court has no jurisdiction over this action. Because of the lack of subject matter jurisdiction, the Court will not address the remaining arguments by Citizens.

**B.     Unknown Employees**

Brown also files this suit against "unknown employees" of Citizens. "As a general matter, fictitious-party pleading is not permitted in federal court." *Nalls v. Coleman Low Fed. Inst.*, 5:09-CV-384-OC-10GRJ, 2010 WL 5262491, at *2 (M.D. Fla. Dec. 17, 2010), *aff'd*, 440 Fed. Appx. 704 (11th Cir. 2011) (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir.2010)). "There

is a limited exception to this prohibition where a plaintiff who fails to identify a party by name has otherwise described the party with sufficient detail." *Mitchell v. Headley*, 2:18-CV-769-ECM, 2019 WL 3323733, at *1 (M.D. Ala. July 24, 2019) (citing *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)).

The unknown employees have not been identified and served while this litigation has been ongoing. Doc. 51 at 12 (stating that the unknown employees have yet to be identified). Accordingly, the inclusion of unknown and unidentified parties is not a barrier to dismissal of this action. *McCarter v. McNeil & Myers Asset Mgmt. Group, LLC*, 118CV04895TCBAJB, 2019 WL 2323555, at *1 (N.D. Ga. Feb. 11, 2019) (recognizing that a district court may *sua sponte* dismiss claims against fictitious parties). Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law (Doc. 27) is **GRANTED**.

2. This case is **DISMISSED** for lack of subject matter jurisdiction.

3. The Clerk is directed to terminate all pending deadlines and motions and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on April 3, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any